UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gippy's Internet Solutions, LLC d/b/a EngineHosting,<br>           Plaintiff,<br>v.<br>Roca Labs, Inc.,<br>           Defendant. | Court File No. 11-cv-_____<br><br>**COMPLAINT FOR<br>DECLARATORY RELIEF** |

---

Gippy's Internet Solutions, LLC d/b/a EngineHosting ("Gippy's"), for its Complaint against Roca Labs, Inc. ("Roca"), states as follows:

## INTRODUCTION

Pursuant to Rule 57 of the Federal Rules of Civil Procedure, this is an action for declaratory relief, seeking a declaration that Roca may not pursue threatened legal action against Gippy's.

## PARTIES

1. Gippy's is a Minnesota limited liability company, in good standing with the Minnesota Secretary of State.

2. Gippy's provides Internet hosting and access services.

3. On information and belief, Roca is a Florida corporation, not registered to do business within the State of Minnesota.

## JURISDICTION

4. Gippy's conducts its business within the State of Minnesota and is domiciled in the State of Minnesota.

448340.1

5.  None of the members of Gippy's reside outside the State of Minnesota.

6.  On information and belief, Roca conducts its business at 12271 Lexington Park Drive, #204, Tampa, Florida 33626.

## FACTS

7.  On September 25, 2011, counsel for Roca sent a letter ("the Original Demand") by email to Gippy's, in which Roca threatened legal action in Florida against Gippy's, stating, "Roca Labs will take the fullest legal action available to it by law against you. **Such action will include a lawsuit or lawsuits in Florida** where compensatory damages, punitive damages, as well as attorney fees and costs will be pursued." (emphasis added.)

8.  The specific nature of Roca's claims was difficult to ascertain from the Original Demand, but it referred to "defamatory comments made by competitors", "careless comments made only to round traffic to one side", and "the use of Roca Labs trademarked name and copyrighted website materials without ... permission..."

9.  Gippy's responded to Roca's attorney, noting the protections afforded to Gippy's under Federal law from those claims which could be discerned from the Original Demand, including the protections set out in 47 USC § 230 and 17 U.S.C. §512. Gippy's declined to become involved in the dispute between Roca and the posters of the materials referenced in the Original Demand.

10. On October 3, 2011, counsel for Roca responded to Gippy's with another letter ("the Second Demand") in which Roca clarified that it was not raising any copyright claims, but

448340.1

rather was advancing the claim that, "you allow material to remain on your site after receiving notice that it is false, defamatory and disparaging of [Roca's] product under Florida law."

11. The Second Demand rejected out of hand any possibility that Gippy's was protected from state civil-law actions by 47 USC § 230, and alleged that, "if false and defamatory information is published in violation of law, then ... the publisher may be held liable."

12. The Second Demand called Gippy's attention to Florida state law regarding "defamation, product and business disparagement, and personal jurisdiction through the Florida Long-Arm Statute."

13. The Second Demand directed that Gippy's take down "the offensive material posted at http://www.weirduniverse.net/blog/permalink/roca_labs_gastric_bypass/" or that Gippy's make "a good faith effort to determine the truth of the statements" and provide Roca with "the detailed results of your investigation."

14. On October 4, 2011, the same individual – Michael Schloss – who had signed the Original Demand and the Second Demand on letterhead identifying the sender as "Law Offices of D. Michael Schloss Attorneys at Law", sent counsel for Gippy's an email which claimed to come from "Roca Labs Legal Dept. legal@rocalabs.com" ("the Third Demand").

15. The Third Demand reaffirmed Roca's rejection of the Federal law protections given to Gippy's as a provider of an interactive computer service, and further advanced the claim that Florida courts would have jurisdiction "in this matter".

448340.1

16. The Third Demand explained that Roca would "vigorously pursue this matter" against Gippy's.

## COUNT I
## DECLARATORY RELIEF AGAINST ROCA

17. Gippy's repeats and realleges the allegations contained in the preceding numbered paragraphs.

18. Under 47 U.S.C. § 230(c)(1), "No provider ... of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

19. Gippy's is an interactive computer service provider as defined in 47 U.S.C. § 230(f)(2), because Gippy's enables computer access by multiple users to the Internet.

20. The person or persons who posted the materials located at http://www.weirduniverse.net/blog/permalink/roca_labs_gastric_bypass/ which Roca believes constitute defamation, product and business disparagement ("the Accused Materials") are the information content providers (as that term is defined in 47 U.S.C. § 230(f)(3).

21. Gippy's is not the publisher or speaker of the Accused Materials.

22. Roca has threatened to sue Gippy's in Florida state court over the Accused Materials, despite the lack of a legal basis for such a suit, or the lack of personal jurisdiction over Gippy's by the Florida courts.

23. There is presently an "actual controversy" between Gippy's and Roca as that term is used in 28 U.S.C. § 2201(a), and Gippy's is entitled to a declaration from this Court regarding its "rights and other legal relations" as to the claims being advanced by Roca over the Accused Materials.

24. Under Rule 57 of the Federal Rules of Civil Procedure, Gippy's is entitled to a declaratory judgment, and a speedy hearing on its Complaint.

25. The Florida Supreme Court, in *Jane Doe v. America Online*, 783 So.2d 1010 (Fla. 2001), determined that 47 U.S.C. § 230(c)(1) preempts Florida law and makes interactive computer service providers immune from common-law civil actions. 783 So.2d at 1013-1017.

26. Under *Jane* Doe, even if an interactive computer service provider knows of the presence of allegedly defamatory materials, the interactive computer service provider is protected from civil actions under 47 U.S.C. § 230(c)(1).

27. Florida's long-arm statute does not reach to out of state parties, and there is no personal jurisdiction over such parties, where a defendant did not personally make postings to which the plaintiff objects, or only managed a web site on which postings were made by third parties. *Vision Media TV Group, LLC v. Forte*, 724 F.Supp 2d 1260 (S.D.Fla 2010), *Two Worlds United v. Zylstra*, 46 So.3d 1175 (Ct.App.Fla. 2010)

28. Gippy's is entitled to a declaration from this Court that (1) it is immune from actions under Florida law related to defamation, product and business disparagement, and (2) Florida cannot exercise personal jurisdiction over Gippy's based upon claims advanced by Roca.

448340.1

## RELIEF REQUESTED

WHEREFORE, Gippy's seeks a judgment against Roca as follows:

a.  A declaration that (1) it is immune from actions under Florida law, including but not limited to the claims made regarding the Accused Materials, related to defamation, product and business disparagement, and (2) Florida cannot exercise personal jurisdiction over Gippy's, based upon claims made under Florida law, including but not limited to defamation, product and business disparagement;

b.  Reasonable attorney's fees and the costs and disbursements of this action;

c.  A speedy hearing on its Complaint; and,

d.  Such other and further relief as the Court may deem just and proper.

Dated: October 19, 2011.                LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: _____
Christopher K. Sandberg (#95485)
100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Tel: 612-339-6900
Fax: 612-339-0981
Email: cksandberg@locklaw.com